UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

FRANCISCO ROSARIO,

          Plaintiff,

v.

ELMIRA KAPCHITS,

          Defendant.

Civ. Action No. 05-4138 (KSH)

**OPINION**

**Katharine S. Hayden, U.S.D.J.**

**I. INTRODUCTION**

*Pro se* plaintiff Francisco Rosario ("Rosario") seeks damages from defendant Elmira Kapchits ("Kapchits"),[1] Medical Director of East Jersey State Prison ("EJSP"), for injuries he allegedly suffered as a result of inadequate medical care during his incarceration at EJSP. Rosario bases his claims on an unfortunate series of events that began with him passing out after eating an unsavory piece of meatloaf and ended with emergency coronary artery bypass surgery.

In 2005, Rosario was transferred to EJSP from Trenton State Prison. Upon his arrival, he was given three servings of meatloaf, which he claims were stained with blood and caused him to pass out. He was taken to the prison's medical facilities for a brief observation period and a chest x-ray, and then returned to his cell. About thirty minutes after he returned to his cell, the medical staff determined, based on the chest x-ray, that he had a serious heart condition and needed emergency coronary artery bypass surgery. The EJSP medical staff requested an

---

[1] Plaintiff initially filed suit against Devon Brown, E. Burnette, Alfano Ortiz, and Assistant Administrator Powers. Because Rosario did not allege that those defendants had any involvement in the conduct complained of, the Court dismissed those claims by Order dated September 20, 2005.

1

ambulance from St. Francis Hospital, which arrived within minutes and took him to the hospital to have the bypass surgery performed. Rosario claims that he "suffers extensive pain in his neck, chest and leg, as a result of the heart surgery…and can barely walk on his leg even though he trys [sic] to remain employed within the prison." (Compl. 6.) He bases his claims on the theory that his heart condition would have been found earlier, and would not have required surgery, if a more thorough examination was conducted when he was admitted to EJSP's medical clinic after passing out from the meatloaf. (Compl. 3.) Although his complaint discusses only 42 U.S.C. § 1983, it may liberally be construed to assert a § 1983 claim for cruel and unusual punishment under the Eighth Amendment and a medical malpractice claim under New Jersey state law.

Kapchits moves for summary judgment, arguing that the events at issue do not constitute deliberate indifference as required by Estelle v. Gamble, 429 U.S. 97 (1976), to establish a § 1983 claim for cruel and unusual punishment under the Eighth Amendment and that Rosario failed to serve an affidavit of merit as required by New Jersey law for a medical malpractice claim. Since filing the complaint, Rosario has not participated in the litigation, with the exception of being deposed by Kapchits, and has not opposed the summary judgment motion currently before the Court.

## II. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) authorizes a court to enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The burden is on the party seeking summary judgment to prove that there are no genuine disputes of material fact. McCarthy v. Recordex Service, Inc., 80 F.3d 842, 847 (3d Cir. 1996). Federal Rule of Civil Procedure 56(e) requires

the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Here, Rosario has not opposed Kapchits' motion; however, an unopposed summary judgment motion does not necessarily entitle the moving party to judgment in its favor. Rule 56(e) provides that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." The Third Circuit has explained that a District Court "must determine that the facts specified in or in connection with the motion entitle the moving party to judgment as a matter of law." Anchorage Assoc. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990).

### III. DISCUSSION

#### A. Eighth Amendment

In Estelle, the Supreme Court concluded that the government has an "obligation to provide medical care for those whom it is punishing by incarceration" and determined that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle, 429 U.S. at 103-04 (citations and internal quotation marks omitted). Deliberate indifference is defined as "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." Id. at 104-05. Mere negligence, however, does not violate the Eighth Amendment, and thus, professional judgment exercised by a prison medical staff during the treatment of an inmate, even though those decisions may constitute medical malpractice, cannot be the basis for a § 1983 claim unless they amount to deliberate indifference as defined in Estelle. Id. at 106-07; see also Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Kapchits argues that the events at issue do not constitute deliberate indifference as required by Estelle to establish a § 1983 claim in the context of inadequate medical care

3

administered to a prisoner. The Court agrees. The events described by Rosario in his complaint and in his deposition testimony do not constitute deliberate indifference and as such, do not provide a basis for a § 1983 claim. There is no evidence indicating that prison staff failed to respond when Rosario passed out. They sent him to Saint Francis Hospital as soon as they discovered the heart condition, a mere half an hour after he had been examined. (Rosario Dep. 9.)

Rosario contends that his heart condition would have been found earlier if a more thorough examination was conducted when he was admitted to EJSP's medical clinic after passing out. (Compl. 3.) Rosario's assertions, however, fail to demonstrate how a more thorough examination would have prevented an emergency medical procedure that clearly resulted from a preexisting major heart condition. And, as established law provides, even if the medical staff's actions constitute negligence, mere negligence does not violate the Eighth Amendment and cannot support a § 1983 claim unless the prison staff's actions amount to deliberate indifference.

Rosario's allegations do not demonstrate that the EJSP medical staff, and in particular Kapchits, intentionally denied or delayed access to medical care or intentionally interfered with treatment once prescribed. No violation of the Eighth Amendment occurred, and Rosario's claim under 42 U.S.C. § 1983 necessarily fails, entitling Kapchits to judgment as a matter of law as to the § 1983 claim.

### B. Medical Malpractice

Rosario's medical malpractice claim sounds in negligence and is thus subject to New Jersey medical malpractice law. See Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000). This Court "may decline to exercise supplemental jurisdiction over a claim if . . . the

district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Given the Court's ruling on Rosario's federal claim, the Court declines to exercise supplemental jurisdiction over his medical malpractice claim. Courts are within their sound discretion to dismiss state law claims when the federal law claims have properly been dismissed. See Bacon v. Carroll, 232 Fed. Appx. 158, 160 (3d Cir. 2007); Queen City Pizza v. Domino's Pizza, 124 F.3d 430, 444 (3d Cir. 1997).

**IV. CONCLUSION**

For the foregoing reasons, defendant Elmira Kapchits' motion for summary judgment on the federal cause of action raised in the complaint is **granted**. An appropriate order will be entered.


Dated: 2/20/08                                             /s/Katharine S. Hayden

                                                                          Katharine S. Hayden, U.S.D.J.